# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEE RADCLIFF (#R54366), | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 13 C 5244 |
| v. | ) |
| | ) |
| KEITH ANGLIN, Warden, Danville Correctional Center, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Lee Radcliff's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). For the following reasons, the Court denies Radcliff's amended habeas petition and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).[1]

## BACKGROUND

Radcliff does not present clear and convincing evidence challenging the statement of facts in the last state court decisions addressing his arguments on the merits, and thus the Court presumes those facts are correct for purposes of its habeas review. *See* 28 U.S.C. § 2254(e)(1); *Bolton v. Akpore,* 730 F.3d 685, 687 (7th Cir. 2013). The Court therefore adopts the underlying facts as set forth by the Illinois Appellate Court in *People v. Radcliff,* No. 1-06-2724 (1st Dist. May 7, 2008) (unpublished); *People v. Radcliff,* No. 1-09-2111 (1st Dist. Feb. 8, 2011) (unpublished); and *People v. Radcliff,* No. 1-10-1745 (1st Dist. Sept. 18, 2012) (unpublished).

---

[1] Petitioner's reply brief was due on or before January 23, 2014. To date, Petitioner has failed to file any such reply brief.

## I. Factual Background

Following a bench trial in 2006, a Circuit Court of Cook County judge convicted Radcliff of three counts of aggravated battery with a firearm and one count of aggravated discharge of a firearm. The evidence at trial showed that on April 17, 2004, four deaf friends — Jovan Harris, Brandon Lee, Anthony Webster Teat, and Deandre Clark — were sitting on a stoop outside of Lee's home when Radcliff shot Harris, Lee, and Teat. The victims identified Radcliff in lineups during May and June 2004.

All four victims testified at Radcliff's criminal trial. Their combined testimony revealed that at the time of the shooting, they were outside Lee's residence and that the area was well-lighted. Harris testified that it was important that the lights were on so that they could see each others' faces when they were talking. Clark and Teat similarly testified. The four victims saw Radcliff, who was wearing a hood. They testified that Radcliff approached them and then began shooting. At that time, Harris, Lee, and Clark could see Radcliff's face. Radcliff shot Teat in his left shoulder and shot Harris in the leg and back. Also, Radcliff shot Lee in his right side and hip. Clark knocked the gun out of Radcliff's hand, after which Radcliff retrieved the gun and ran.

## II. Procedural Background

Following his 2006 bench trial, the Cook County Circuit Court convicted Radcliff of three counts of aggravated battery with a firearm and one count of aggravated discharge of a firearm. The Circuit Court then sentenced Radcliff to three thirty-year terms of imprisonment for the aggravated battery counts and a fifteen-year term for the aggravated discharge count — to be served concurrently. Radcliff appealed, by counsel, to the Illinois Appellate Court, First

District, arguing that his trial counsel was constitutionally ineffective for failing to move to suppress lineup identification evidence as suggestive. The Illinois Appellate Court affirmed Radcliff's convictions, but vacated his sentence and remanded for resentencing because under 730 ILCS 5/5-8-4(a)(1), at least two terms of imprisonment were required to be served consecutively. Radcliff, by counsel, filed a petition for leave to appeal ("PLA") with the Supreme Court of Illinois raising one claim, namely, that consecutive sentencing under 730 ILCS 5/5-8-4(a) was unconstitutional. On September 24, 2008, the Supreme Court of Illinois denied Radcliff's PLA and on February 23, 2009, the United States Supreme Court denied Radcliff's petition for a writ of certiorari.

On remand, the Circuit Court judge re-sentenced Radcliff to three concurrent fifteen-year prison terms for the aggravated battery counts to be served consecutively to the fifteen-year term for aggravated discharge. On appeal to the Illinois Appellate Court, Radcliff, who was represented by counsel, argued that there was a bona fide doubt as to Radcliff's fitness at the time of his original trial. Nevertheless, on February 8, 2011, the Illinois Appellate Court concluded that because it had remanded the matter for resentencing, the Circuit Court lacked jurisdiction to review Radcliff's fitness claim. On March 23, 2011, Radcliff filed a pro se PLA with the Supreme Court of Illinois arguing that the Illinois Appellate Court erred in its conclusion that the Circuit Court did not have jurisdiction to review his fitness claim. On May 25, 2011, the Supreme Court of Illinois denied Radcliff's pro se PLA. Radcliff did not seek a writ of certiorari in the United States Supreme Court from this denial.

In the meantime, on October 23, 2009, Radcliff filed a pro se post-conviction petition pursuant to 725 ILCS 5/122-1, *et seq.*, in the Circuit Court of Cook County raising the following

3

claims: (1) prosecutorial misconduct regarding two defense witnesses; (2) his trial counsel was constitutionally ineffective for (a) failing to request a continuance to locate two missing defense witnesses, (b) failing to request a fitness hearing, (c) failing to present mitigation evidence at sentencing, and (d) agreeing to continuances that violated his speedy trial rights; (3) trial counsel's cumulative errors denied him a fair trial; and (4) his appellate counsel was constitutionally ineffective for (a) failing to raise trial counsel's ineffective assistance of counsel in his direct appeal PLA and (b) failing to raise his post-conviction claims on direct appeal. On January 21, 2010, the Circuit Court dismissed Radcliff's post-conviction petition as frivolous and patently without merit. *See* 725 ILCS 5/122–2.1(a)(2).

Radcliff, by counsel, appealed the dismissal of his post-conviction petition arguing: (1) prosecutorial misconduct based on the intimidation of two defense witnesses; (2) trial counsel was constitutionally ineffective for failing to seek a continuance to find the two defense witnesses; (3) the Circuit Court erred when it dismissed Radcliff's post-conviction petition for failure to attach supporting affidavits; and (4) appellate counsel was constitutionally ineffective for failing to include the identification issue in his direct appeal PLA. On September 18, 2012, the Illinois Appellate Court affirmed the dismissal of Radcliff's post-conviction petition.

Thereafter, Radcliff filed a pro se post-conviction PLA with the Supreme Court of Illinois arguing: (1) the Circuit Court erred by failing to dismiss his post-conviction petition within ninety days as required by statute; (2) trial counsel was constitutionally ineffective for failing to seek a continuance to find two witnesses; (3) the Circuit Court erred when it dismissed Radcliff's post-conviction petition for failure to attach supporting affidavits; and (4) appellate counsel was constitutionally ineffective for failing to include the identification issue in his direct

4

appeal PLA. On March 27, 2013, the Supreme Court of Illinois denied Radcliff's pro se PLA.

In July 2013, Radcliff submitted a petition for relief from judgment pursuant to 735 ILCS 5/2-1401 alleging that the grand jury lacked probable cause or jurisdiction to indict him. After this Court received Radcliff's original habeas petition on July 22, 2013, the Court directed Radcliff to inform the Court whether he wanted (1) to drop his unexhausted claim relating to his petition for relief or (2) stay the case pending the exhaustion of this claim. Radcliff then filed an amended petition that omitted his unexhausted claim.

### III. Habeas Petition

Construing Radcliff's pro se allegations in his amended habeas petition liberally, *see Turley v. Rednour,* 729 F.3d 645, 651 (7th Cir. 2013), he brings the following claims: (1) he was unfit to stand trial; (2) the Circuit Court erred by failing to suppress evidence identifying him as the perpetrator; (3) trial counsel was constitutionally ineffective for failing to move to suppress the identification evidence; (4) the prosecution intimidated two defense witnesses from testifying; (5) the imposition of consecutive sentences pursuant to 730 ILCS 5/5-8-4(a)(1) was unconstitutional; (6) the post-conviction Circuit Court's dismissal of his post-conviction petition was untimely; (7) the post-conviction Circuit Court erred in summarily dismissing his post-conviction petition; (8) the post-conviction Circuit Court erred in applying the affidavit requirement to his post-conviction petition; and (9) his post-conviction appellate counsel was constitutionally ineffective.

**LEGAL STANDARDS**

**I.     Habeas Relief**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court cannot grant habeas relief unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *See Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Warren v. Baenen,* 712 F.3d 1090, 1096 (7th Cir. 2013). In *Williams*, the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *See id.* at 405; *see also Kamlager v. Pollard,* 715 F.3d 1010, 1015 (7th Cir. 2013) ("A state court decision is 'contrary to' federal law if it applies the wrong legal standard established by Supreme Court precedent or decides a case differently than the Supreme Court on materially indistinguishable facts.").

Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See Williams,* 529 U.S. at 407. "The state court's application of federal law must not only be incorrect, but 'objectively unreasonable.'" *Rann v. Atchison,* 689 F.3d 832, 835 (7th Cir. 2012); *see also Williams*, 529 U.S. at 410 ("*unreasonable* application of federal law is different from an *incorrect* application of federal law") (emphasis in original). To be considered objectively unreasonable, a state court's decision must be "well outside the boundaries of permissible differences of opinion." *Kamlager,* 715

6

F.3d at 1016 (citation omitted).

## II.     Exhaustion and Procedural Default

"A state petitioner seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), 'thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" *Cheeks v. Gaetz,* 571 F.3d 680, 685 (7th Cir. 2009) (citations omitted).  In particular, a habeas petitioner must fully and fairly present his federal claims through one full round of state court review before he files his federal habeas petition.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Mulero v. Thompson,* 668 F.3d 529, 536 (7th Cir. 2012).  "[W]hen a petitioner has exhausted his state court remedies and failed to properly assert his federal claims at each level of review those claims are procedurally defaulted."  *Woods v. Schwartz,* 589 F.3d 368, 373 (7th Cir. 2009).  A petitioner also procedurally defaults a claim if he fails to raise his federal claim in compliance with relevant state procedural rules, and the state court's refusal to adjudicate the claim is based on an independent and adequate state ground.  *See Cone v. Bell,* 556 U.S. 449, 465, 129 S.Ct. 1769, 173 L.Ed.2d 701 (2009).  Procedural default precludes federal court review of a petitioner's habeas claims.  *See Mulero,* 668 F.3d at 536.

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the Court's failure to consider the claim would result in a fundamental miscarriage of justice.  *See House v. Bell,* 547 U.S. 518, 536, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a petitioner from pursuing his

7

constitutional claim in state court. *See Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Weddington v. Zatecky,* 721 F.3d 456, 465 (7th Cir. 2013). Prejudice means actual prejudice infecting the "entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (citation omitted). A fundamental miscarriage of justice occurs when a habeas petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496.

## ANALYSIS

I.  **Procedurally Default Claims**

   A.   **Claim One — Unfit to Stand Trial**

Radcliff bases his first habeas claim on the fact that he "may have been an unmedicated schizophrenic at the time he was tried and convicted in this case, which create[s] a bona fide doubt concerning his fitness to stand trial." (R. 7, Am. Pet. ¶ 12.) The Court cannot reach the merits of Radcliff's first claim because the Illinois Appellate Court rejected this argument on independent and adequate state law grounds. *See Kaczmarek v. Rednour,* 627 F.3d 586, 592 (7th Cir. 2010) ("A state law ground is independent when the court actually relied on the procedural bar as an independent basis for its disposition of the case."). To clarify, the Circuit Court and Illinois Appellate Court both rejected Radcliff's argument brought on remand concluding that because the Illinois Appellate Court had remanded the matter for resentencing, the Circuit Court lacked jurisdiction to review Radcliff's fitness claim. Because the Illinois courts did not consider Radcliff's claim based on the Circuit Court's lack of jurisdiction on remand, his fitness claim is procedurally defaulted. *See Eichwedel v. Chandler,* 696 F.3d 660, 669 (7th Cir. 2012); *Woods v. Schwartz,* 589 F.3d 368, 373 (7th Cir. 2009).

Radcliff does not argue that the fundamental miscarriage of justice exception applies to this defaulted claim nor has he established good cause and prejudice for his procedural default. *See House,* 547 U.S. at 536; *Coleman,* 501 U.S. at 750. Therefore, the Court cannot reach the merits of this habeas claim. *See Bolton,* 730 F.3d at 696; *see also Williams v. Buss,* 538 F.3d 683, 686 (7th Cir. 2008) ("an unexcused procedural default ends the case"). Accordingly, the Court denies Radcliff's first habeas claim.

### B. Claims Two and Three — Suppress Evidence and Ineffective Assistance

Radcliff has also procedurally defaulted his second habeas claim, namely, that the Circuit Court erred by failing to suppress evidence identifying him as the perpetrator, because he did not fully and fairly present this claim through one full round of state court review. *See Boerckel,* 526 U.S. at 845, 848; *Mulero,* 668 F.3d at 536. To clarify, although Radcliff brought an ineffective assistance claim based on his trial counsel's failure to move to suppress this evidence, he did not bring the argument that the Circuit Court erred by failing to suppress this evidence in any Illinois court. Therefore, Radcliff has procedurally defaulted this habeas claim, and thus the Court cannot consider its merits unless Radcliff establishes cause and prejudice or the fundamental miscarriage of justice exception. *See House,* 547 U.S. at 536; *Murray*, 477 U.S. at 492-96.

As mentioned, Radcliff maintains that his trial counsel was constitutionally ineffective for failing to file a motion to suppress the identification evidence, which may constituted the "cause" to set aside his procedural default. *See Promotor v. Pollard,* 628 F.3d 878, 887 (7th Cir. 2010). Radcliff, however, procedurally defaulted this claim of ineffective assistance of counsel because he only raised it to the Illinois Appellate Court on direct appeal. *See id.* In other words,

9

he did not raise this argument through one full round of state court review. *See Boerckel,* 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). One full round of state court review in Illinois includes the Supreme Court of Illinois' discretionary review pursuant to a PLA. *See id.* Therefore, this ineffective assistance of counsel claim does not provide an exception to his defaulted claim. Moreover, standing alone, Radcliff's ineffective assistance of counsel claim based on counsel's failure to move to suppress the identification evidence is also procedurally defaulted and Radcliff does not present an exception to this default. *See McDowell v. Lemke,* 737 F.3d 476, 483 (7th Cir. 2013). Therefore, the Court does not reach the merits of Radcliff's second and third habeas claims. *See Weddington,* 721 F.3d at 465.

### C. Claim Four — Prosecutorial Misconduct

Next, Radcliff's fourth habeas claim is that the prosecution intimidated two defense witnesses from testifying at trial. Because the post-conviction Circuit Court rejected this argument due to Radcliff's failure to support his claim with affidavits as required pursuant to 725 ILCS 5/122-2, the Illinois court's decision was based on an independent and adequate state ground. *See Thompkins v. Pfister,* 698 F.3d 976, 986 (7th Cir. 2012) (Illinois court's rejection of claim based on failure to "submit affidavits ... with his postconviction petition [was] an independent and adequate state ground"). Thus, Radcliff's fourth habeas claim is procedurally defaulted. *See, e.g., Coleman v. Chandler*, 843 F.Supp.2d 880, 893 (N.D. Ill. 2012). Because Radcliff has not offered an exception to this default, the Court does not reach the merits of his claim. *See Bolton,* 730 F.3d at 696.

## II.  Claim Five — Imposition of Sentence with Consecutive Terms Unconstitutional

In his fifth habeas claim, Radcliff contends that the Circuit Court's imposition of consecutive sentences pursuant to 730 ILCS 5/5-8-4(a)(1) was unconstitutional because the trial judge, not a jury, made findings of fact required to impose consecutive sentences. *See Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007); *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Although Radcliff only presented this claim in his PLA to the Supreme Court of Illinois, and thus did not present this claim for one full round of state court review, Respondent does not argue that Radcliff has procedurally defaulted this claim, therefore, Respondent waives this affirmative defense. *See Eichwedel,* 696 F.3d at 669. In any event, the Supreme Court has held that the Sixth Amendment allows sentencing judges to make factual findings relating to the imposition of consecutive sentences. *See Oregon v. Ice,* 555 U.S. 160, 163–64, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). Therefore, Radcliff's fifth habeas claim is without merit.

## III.  Non-Cognizable Claims

### A.  Claims Six, Seven, and Eight

In his sixth habeas claim, Radcliff maintains that the post-conviction Circuit Court's dismissal of his post-conviction petition was untimely, and thus void. In his seventh habeas claim, he argues that the Circuit Court erred in summarily dismissing his post-conviction petition. Similarly, in claim eight, Radcliff contends the post-conviction Circuit Court erred in applying the affidavit requirement to his post-conviction petition.

When reviewing a petition for habeas relief, federal district courts are restricted to the question of whether a petitioner's conviction violated "the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 2254(a); *Hall v. Zenk*. 692 F.3d 793, 798 (7th Cir. 2012). Accordingly, Radcliff's three claims based on the manner in which the post-conviction Circuit Court disposed of his post-conviction petition pursuant to state law are not cognizable on habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Shaw v. Wilson,* 721 F.3d 908, 914 (7th Cir. 2013) ("federal courts are not permitted to review a state court's resolution of state-law questions"). In other words, "habeas corpus relief does not lie for errors of state law." *Estelle*, 502 U.S. at 67. Therefore, Radcliff's habeas claims six, seven, and eight are not cognizable on collateral review.

B.  **Claim Nine — Ineffective Assistance of Post-Conviction Counsel**

Last, Radcliff argues that his post-conviction appellate counsel was constitutionally ineffective. Radcliff's final argument fails because habeas petitioners do not have a Sixth Amendment right to counsel for state court post-conviction proceedings. *See Coleman,* 501 U.S. at 752; *Resendez v. Knight,* 653 F.3d 445, 446 (7th Cir. 2011); *Wilson v. United States,* 413 F.3d 685, 687 (7th Cir. 2005). Hence, this last claim is not cognizable on collateral review.

**IV.  Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Radcliff a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present order.

*See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5, 181 L.Ed.2d 619 (2012).

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Bolton,* 730 F.3d at 697. A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; *Thomas v. Zatecky,* 712 F.3d 1004, 1006 (7th Cir. 2013); 28 U.S.C. § 2253(c)(2). Under this standard, Radcliff must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In cases where a district court denies a habeas claim on procedural grounds, a certificate of appealability should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

Here, jurists of reason would not debate the Court's conclusion that Radcliff's sixth, seventh, eighth, and ninth habeas claims are not cognizable on collateral review. Moreover, reasonable jurists would not find it debatable that Radcliff's fifth claim where he argues that 730 ILCS 5/5-8-4(a)(1) is unconstitutional does not have merit after the Supreme Court's decision in *Oregon v. Ice*. Finally, a reasonable jurist would not conclude that the Court erred in concluding that Radcliff has procedurally defaulted his remaining habeas claims. *See Slack,* 529 U.S. at 485

("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Therefore, the Court declines to certify any issues for appeal. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court denies Radcliff's amended petition for a writ of habeas corpus and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2254(d).

**Dated:** January 31, 2014

**ENTERED**

*[signature]*

**AMY J. ST. EVE**
**United States District Judge**